Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Attorneys for REWARDS NETWORK
ESTABLISHMENT SERVICES INC.

Isaac M. Gabriel, Esq. (#021780)
isaac.gabriel@quarles.com
Evan P. Schube (#028849)
evan.schube@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| NIMBUS BREWING COMPANY, LLC, | Case No. 4:12-bk-08122-EWH |
| Debtor. | **REWARDS NETWORK ESTABLISHMENT SERVICES' OBJECTION TO DISCLOSURE STATEMENT** |

REWARDS NETWORK ESTABLISHMENT SERVICES INC. ("**Rewards Network**"), a secured creditor and party-in-interest in the above-captioned Chapter 11 case (the "**Bankruptcy Case**"), hereby files this Objection to the Disclosure Statement filed on December 18, 2012 [Docket No. 75] by NIMBUS BREWING COMPANY, LLC, the debtor and debtor-in-possession (the "**Debtor**").

A disclosure statement must contain "adequate information." See 11 U.S.C. §1125(b). The "adequate information" that must be set forth in a disclosure statement is "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical investor typical of the holders of claims or interests in the case to make an informed judgment about the plan. 11 U.S.C. §1125(a)(1).

Rewards Network holds a valid and perfected first priority lien and security interest in all of the Debtor's personal property. See Cash Collateral Order at ¶ 7 [Docket No. 25] (the "**Cash Collateral Order**"). As such, the Disclosure Statement must provide Rewards Network with sufficient information to allow it to vote on the First Plan Of Reorganization Dated December 18, 2012 (the "**Plan**"). As set forth more fully below, the Disclosure Statement falls short of providing adequate information.

**I. THE PLAN AND THE DISCLOSURE STATEMENT DO NOT CLEARLY INDICATE WHETHER THE DEBTOR IS ASSUMING OR REJECTING THE AGREEMENTS UNDER THE PLAN.**[1]

Under the Cash Collateral Order, Rewards Network and the Debtor continue to perform their respective obligations under the Agreements. The Debtor continues to receive, and Rewards Network continues to provide, marketing and loyalty services, which drive Rewards Network's members to the Debtor's Restaurant and generate accounts receivable. See Cash Collateral Order at ¶16. The Debtor, in turn, continues to remit a portion of the receivables generated by Rewards Network's members to reduce Rewards Network's outstanding secured claim. Id. at ¶12. The Debtor and the Court have acknowledged that the Agreements are executory contracts. Id. at ¶13.

The Disclosure Statement and the Plan are unclear as to whether Debtor intends to assume or reject the Agreements. Article VI of the Plan states that "[t]he Debtor rejects all executory contracts or unexpired leases to which they are a party, except any specifically provided prior to the hearing on the Disclosure Statement. Plan at Art. VI [Docket No. 76.] However, the Disclosure Statement states that "[t]he Plan provides that pursuant to Section 365 of the Bankruptcy Code, the Debtor assumes all executory contracts." Disclosure Statement at §11.3 [Docket No. 75.] These statements are clearly contradictory as the Plan provides for rejection and

---

[1] Unless otherwise defined herein, defined terms shall have the same meaning given them in the Agreed Order: (I) Authorizing Debtor's Limited Use Of Cash Collateral, And (II) Granting Postpetition Replacement Liens And Adequate Protection. See Docket No. 25.

the Disclosure Statement informs the creditor that the Plan provides for assumption.  Presumably, the Plan would control the issue as the Disclosure statement provides,

> Whether a creditor or interest holder votes on the Plan or not, or whether the creditor or interest holder votes at all, such party will be bound by the terms and treatment set forth in the Plan if the Plan is accepted by the requisite majorities of creditors and interest holders and is confirmed by the Bankruptcy Court.

Thus, Rewards Network is in limbo and cannot determine if the Agreements are being assumed or rejected by the Debtor and, therefore, cannot make an informed judgment about the Plan.

**II.  THE PLAN AND DISCLOSURE STATEMENTS ARE CONFLICTING REGARDING THE TREATMENT OF REWARDS NETWORK'S CLAIM.**

As noted above, there are conflicting statements in the Plan and Disclosure Statement as to whether the Agreements are accepted or rejected. Moreover, if the Debtor intends to assume the Agreements, then the assumption will fix the treatment.  However, if the Debtor intends to reject the Agreements, then Rewards Network will have a liquidated, first priority secured claim which must be paid in accordance with the Bankruptcy Code.  Neither the Disclosure Statement or the Plan provide any indication as to how Rewards Network's liquidated secured claim will be paid, the amount of such claim, the interest rate to be applied to the debt, or the proposed payment schedule.

The Disclosure Statement provides that Rewards Network's claim may not be fully secured.  *See* Disclosure Statement at §5.5.  Yet, the Disclosure Statement suggests that junior creditors have a "secured" claim in the very property that Rewards Network has a superior lien. See, e.g., id. at §§5.6 (BMT's "secured claim" in equipment), 5.7 (Nationwide's "secured" claim in leased equipment), 5.8 (U.S. Bancorp's "secured" claim in equipment).  Rewards Network cannot have a partially secured claim while junior creditors also have a secured claim in Rewards Network's collateral.

## III. THE DISCLOSURE STATEMENT AND PLAN ARE CONFUSING AS TO WHETHER EQUITY HOLDERS ARE REQUIRED TO CONTRIBUTE NEW VALUE.

The Disclosure Statement also confusingly indicates that existing equity will retain its interests without a new value contribution "as allowed claims are being paid in full." Id. at §4.16. The Debtor's equity holders will retain their interest "unless participating investors are required to contribute **substantial** capital required to fund this Plan and/or make capital improvements to the subject property." Id. at §5.15 (emphasis added). These statements appear to be contradictory as one suggests claims are being paid in full and no equity is required, while later suggesting that additional capital will, in fact, be needed. In addition, as noted above, it is not clear that Rewards Network's claim is going to be paid in full.

To further confuse matters, the Debtor's equity interest holders retain their interest unless a "substantial" capital contribution is made, but there is no provision in the Disclosure Statement or Plan to determine what amount constitutes a "substantial" contribution or who makes that determination. In short, the Disclosure Statement provides inadequate information regarding whether claims are being paid in full and whether the Debtor's members are contributing new value to retain their interests.

## IV. CONCLUSION.

In light of the foregoing, Rewards Network objects to the Disclosure Statement because (i) it fails to clearly indicate whether the Debtor is accepting or rejecting the Agreements, (ii) if the Agreements are being rejected, then the Disclosure Statement and Plan must be amended to clearly indicate how Rewards Network's secured claim will be paid under the Plan, and (iii) the Debtor should provide sufficient information to allow creditors to determine if a new value contribution is required.

Accordingly, Rewards Network requests that the Court deny the approval of the Disclosure Statement and require the Debtor to amend it to correct the foregoing deficiencies.

. RESPECTFULLY SUBMITTED this 30th day of July, 2013.

> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, AZ 85004-2391
>
>
> By /s/ Isaac M. Gabriel
>     Isaac M. Gabriel
>     Evan P. Schube
>
> Attorneys for REWARDS NETWORK
> ESTABLISHMENT SERVICES INC.

COPIES of the foregoing sent via
e-mail or first class U.S. mail
this 30th day of July, 2013, to:

Eric Slocum Sparks
ERIC SLOCUM SPARKS PC
110 S. Church Avenue, Suite 2270
Tucson, AZ 85701
Email: law@ericslocumsparkspc.com
Attorneys for Debtor

OFFICE OF THE U.S. TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
Email: USTPRegion14.PX.ECF@USDOJ.GOV

Grant Winston, Esq.
Deputy County Attorney
PIMA COUNTY ATTORNEY'S OFFICE
32 North Stone, #2100
Tucson, AZ 85701
Attorneys for Pima County

Gregory E. Good, Esq.
Good Law, P.C.
3430 E. Sunrise Dr., #170
Tucson, AZ 85718
Attorneys for Login, Inc.

/s/ Cecily N. Benson