**GOOD LAW, P.C.**
Gregory E. Good, SB# 014445
FOOTHILLS CORPORATE CENTER
3430 E. SUNRISE DRIVE, SUITE 270
TUCSON, ARIZONA 85718
TELEPHONE: (520) 628-8221
FACSIMILE: (520) 547-0394
Of Counsel with Duffield, Adamson & Helenbolt, P.C.
Attorney for Creditor Login, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**NIMBUS BREWING COMPANY, LLC,**<br><br>Debtor. | Case No.: 4:12-bk-08122-EWH<br><br>**LOGIN, INC.'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT AND JOINDER TO U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS**<br><br>(Chapter 11) |

Creditor, Login, Inc. ("Login"), objects to the Debtor's Disclosure Statement for its First Plan of Reorganization Dated December 18, 2012 [Docket No. 75].

**I.   Objection to Section 2.1.**

Section 2.1 of the Disclosure Statement attributes the bankruptcy filing exclusively to the Southwest Gas issues. No disclosure is made regarding any other contributing factor. Because the Southwest Gas issues were promptly resolved, yet the Bankruptcy languishes, it is apparent that other issues may have caused the Bankruptcy. For example, did the Debtor have a contingency plan against a failure of the gas system? Other management or operational issues contributing to the Bankruptcy filings should be disclosed.

**II.  Objection to Sections 2.4 and 2.8.**

No information whatsoever has been provided regarding the nature of the claims listed in Section 2.4, timeframe, or likelihood of success. The same objection applies to Section 2.8.

### III. Objection to Section 2.5.

This conclusory and self-serving disclosure is inadequate. Section 2.1 goes to great lengths to establish the national reputation and success of the enterprise. Section 2.3 boasts of interstate expansion. The company reports profits and growth. Yet no valuation of the company is disclosed as an ongoing concern. No values are disclosed for intellectual property or goodwill. Based the articulated exciting prospects of the company, it would appear that the company could be sold as a going concern and the unsecured creditors in Class 12 would receive their entire claims instead of the proposed 50%.

### IV. Objection to Section 4.16.

Section 4.16 reports no need for additional capital as all allowed claims would be paid in full. However, Class 12 creditors are only offered 50% of their allowed claims at 3% over 60 months. In light of this impairment to Class 12, Section 4.16 should disclose the need for new capital.

### V. Joinder in Trustee's Motion to Convert or Dismiss.

In light of the company's rehabilitation, current profits as set forth in the Monthly Operating Reports, anticipated future expansion, and expectations of additional revenues as set forth in Sections 2.3, 2.4 and 2.6 of the Disclosure Statement, it would appear that the policies underlying the use of the United States Bankruptcy Courts no longer apply to this Debtor. The rehabilitation is complete. The Debtor can and should operate now without the protection of the Court.

/ / / /

/ / / /

DATED this 6th day of August, 2013.

**GOOD LAW, P.C.**

/s/ Gregory E. Good
Gregory E. Good
Attorney for Creditor Login, Inc.

Original of the foregoing filed electronically
this 6th day of August, 2013 with:

United States Bankruptcy Court
Tucson Division
38 South Scott Avenue
Tucson, AZ 85701

Copy of the foregoing mailed
this 6th day of August, 2013 to:

Eric Slocum Sparks, Esq.
Law Offices of Eric Slocum Sparks, PC
110 S. Church Ave., #2270
Tucson, AZ 85701
Attorney for Debtor

Ilene J. Lashinsky
U.S. Trustee
Christopher J. Pattock
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, AZ 85003

*Gloria McNeal*