**BREEN OLSON & TRENTON, LLP**
Dennis M. Breen, III
John E. Olson
4720 North Oracle Road, Suite 100
Tucson, Arizona 85705
(520) 742-0808
dennis@botlawfirm.com

State Bar # 005309
Attorney for Movant

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>NIMBUS BREWING COMPANY, L.L.C.,<br><br>Debtor.<br><br>KEG CREDIT, L.L.C,<br><br>Movant,<br><br>v.<br><br>NIMBUS BREWING COMPANY, L.L.C.,<br><br>Respondent. | No.: 4:12-bk-08122-EWH<br><br>Chapter 11 Proceeding<br><br><br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**(PERSONAL PROPERTY - LEASE FOR BEER KEGS)** |

Movant, Keg Credit, L.L.C., ("Movant") hereby requests an Order granting relief from the automatic stay of 11 U.S.C. 362(a), to permit Movant execute its remedies of obtaining possession of its leased property consisting of 804 stainless steel beer kegs [the "Kegs"].

On October 5, 2012, Debtor entered into an Equipment Lease with Movant for 804 Kegs, and failed to disclose to Movant that Debtor was currently in a Chapter 11 Bankruptcy Proceeding. The Bill of Lading attached to the lease shows delivery in November 2012. Subsequent to the delivery of the Kegs the Debtor failed to make the required lease payments and is now more than 4 months behind. The Movant wishes to execute on the lease and have the

Kegs returned to them. This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by reference, authorities cited herein, and the record currently before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTUAL AND PROCEDUREAL SUMMARY**

Debtor, Nimbus Brewing Company, LLC, filed a voluntary Chapter 11 Bankruptcy Petition on April 17, 2012. At that time, Debtor had no liability to Movant. At the time of the execution of the lease the Debtor did not seek or obtain, approval of the Bankruptcy Court prior to incurring this new debt nor did Debtor notify the Movant that it was in Bankruptcy. A true and correct copy of the Equipment Lease is attached hereto as Exhibit "A," and made a part hereof by this reference.

Debtor is in default on the obligation under the Equipment Lease to Movant, and five monthly payments in the total amount of $11,812.00 are due under the lease. Debtor was to lease the kegs for a term of not less than 18 months, and 30% of the monthly lease payment of $2,362.40 could apply to the total purchase price of $99,312.00, if Debtor chose to purchase the Kegs.

**II. LEGAL ARGUMENT**

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§ 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
    (1) *For cause*, including the lack of adequate protection of an interest in

KEG CREDIT LLC - MOTION FOR RELIEF FROM THE AUTOMATIC STAY

2

property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition lease payments, and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir.BAP 1985).

Movant is informed and believes, and therefore alleges, that the Movant and the bankruptcy estate are not adequately protected based upon the Debtor's failure to tender post-petition lease payments on a timely basis. Debtor is indebted to Movant for the minimum total amount remaining due under the Equipment Lease for the 18 month lease period in the amount of $22,362.40, or more, depending on the date of the return of the leased equipment, plus accruing costs and attorney's fees. Debtor's failure to initially disclose the bankruptcy proceeding, or seek and obtain court approval prior to entering into the Equipment Lease with Movant, in addition to the fact that the post-petition payments have not been tendered, constitute "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S. C. §362(d)(1).

**B.  MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2).**

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (2) with respect to a stay of an act against property under subsection (a) of this section, if –

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference

between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity, and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr. S.D. Cal. 1980) (emphasis added).

Movant is informed and believes that the Debtor has no equity in the kegs due to the fact that the Debtor has not complied with the terms of the Lease Agreement necessary to purchase the kegs from Movant. Thus the kegs are simply leased equipment and as such, Debtor has no equity in them. As there is no equity in the kegs for the benefit of the bankruptcy estate, the kegs are not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2).

Further, Movant seeks relief for the purpose of executing its ownership interest rights in the leased property and obtaining possession of the 804 stainless steel kegs.

### III. CONCLUSION

For all of the reason stated herein, Movant requests that the Court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this Court:

1. Terminating the automatic stay of 11 U. S. C. §362 as to the Debtor, the bankruptcy estate, the property, and Movant; to allow Movant proceed under applicable non-bankruptcy law to enforce its remedies and to execute on the property and assert its ownership rights and obtain possession of the 804 stainless steel kegs;

2. Providing that the Order is binding as to the Debtor for a period of 180 days following entry of the Order in any pending and/or subsequently filed bankruptcy case or cases;

3. Providing that the Order is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

4. Granting Movant such other and further relief as the court deems just and proper.

**RESPECTFULLY SUBMITTED** this 21st day of October, 2013.

                **BREEN, OLSON & TRENTON, LLP**

                /s/Dennis M. Breen, III, State Bar No. 005309
                Dennis M. Breen, III,
                Attorney for Movant

Original filed this 21st day of October, 2013, with:

Clerk of the United States Bankruptcy Court
District of Arizona
James A. Walsh Courthouse
38 S. Scott Avenue
Tucson, AZ 85701

and a copy mailed this 21st day of October, 2013, via
Prepaid First Class U.S. Mail to:

United State Trustee
Department of Justice
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003

Eric Slocum Sparks
Law Offices of Eric Slocum Sparks, P.C.
110 South Church Avenue, #2270
Tucson, AZ 85701
eric@ericslocumsparkspc.com

And all other interested parties as listed on the Master
Mailing Matrix attached as Exhibit "A.

/s/ Stacey Crom

KEG CREDIT LLC - MOTION FOR RELIEF FROM THE AUTOMATIC STAY