ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2614
Facsimile: (602) 514-7270

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NIMBUS BREWING COMPANY, LLC | ) No. 4:12-bk-08122-EWH |
| | ) |
| | ) UNITED STATES TRUSTEE'S |
| | ) MOTION TO DISMISS, OR |
| | ) CONVERT TO CHAPTER 7 |
| Debtor. | ) |

In furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)(3), (5) and (8), in addition to 11 U.S.C. § 307, the United States Trustee moves for conversion or dismissal of this case pursuant to 11 U.S.C. § 1112(b). This motion is supported by the entire record before the Court in this case and the below Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 3rd day of September, 2014.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK
Trial Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Nimbus Brewing Company, LLC, ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 17, 2012, and its plan of reorganization was confirmed on January 24, 2014. *See* docket number 152. More than seven months have passed since the plan was confirmed, but the reorganized debtor has still not sought a final decree.

2. 11 U.S.C. § 1112(b)(1) provides that absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall* convert a case under Chapter 11 to chapter 7 or dismiss it, whichever is in the best interests of creditors and the estate, if the movant establishes "cause." (Emphasis supplied.)

3. "Cause" is defined by 11 U.S.C. § 1112(b)(4) to (non-exclusively) include: (F) un-excused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this title; (K) failure to pay any fees or charges required under chapter 123 of title 28; (M) Inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan.

4. The United States Trustee's Guidelines and 28 U.S.C. § 586(a)(3) require all post-confirmation debtors to file post-confirmation quarterly operating reports on a quarterly basis. Furthermore, Section 11.6 of the Debtor's Disclosure Statement provides that the debtor will timely file post-confirmation quarterly

reports. **However, the Debtor has failed to file any such reports since the plan was confirmed.**[1] Accordingly, it is delinquent in the filing of reports for the 1st and 2nd quarters of 2014. Its failure to do so constitutes cause under both subsections "F" (failure to satisfy reporting requirements) and "N" (material default) of § 1112(b)(4).

   5.   Payment of quarterly fees to the United States Trustee Program is required by 28 U.S.C. § 1930(a)(6). Furthermore, Section 11.6 of the Debtor's Disclosure Statement provides that the debtor will timely file pay all post-confirmation quarterly fees. Quarterly fees are delinquent for 2nd quarter of 2014. The estimated delinquency is $4,875. Its failure to do so constitutes cause for dismissal or conversion of a chapter 11 case under subsections "K" (failure to pay fees required under chapter 123 of title 28), "M" (inability to effectuate substantial consummation of a confirmed plan), and "N" (material default by the debtor with respect to a confirmed plan) of § 1112(b)(4).

   6.   The fact that more than seven months have passed without the Debtor having filed a motion for entry of a final decree suggests the possibility that this debtor is unable to effectuate substantial consummation of a confirmed plan and/or is in material default of its confirmed plan, thus constituting cause within the meaning of 11 U.S.C. § 1112(b)(4)(M) and (N), respectively.

---

[1] This deficiency was previously called to the attention of the Debtor – but ignored – in the UST's "Notice of Non-Compliance," filed on May 1, 2014 at docket number 157.

3

7. In the event that the Court does not believe conversion or dismissal to be appropriate at this time, it is alternatively and respectfully requested that the Court set deadlines by which the Debtor must: 1) bring current its post-confirmation operating reports; 2) bring current the payment of its post-confirmation quarterly fees; and 3) file a motion for final decree.

WHEREFORE, the United States Trustee respectfully requests the Court to dismiss this case or convert it to a case under Chapter 7 of the Bankruptcy Code.

RESPECTFULLY SUBMITTED this 3rd day of September, 2014.

ILENE J. LASHINSKY
United States Trustee
District of Arizona


CHRISTOPHER J. PATTOCK
Trial Attorney

Copies of the foregoing mailed on
the 4th day of September, 2014, to:

Eric Slocum Sparks, Esq.
Eric Slocum Sparks, PC
110 S. Church Ave., #2270
Tucson, AZ 85701

NIMBUS BREWING COMPANY, LLC
3850 E 44TH STREET
TUCSON, AZ 85713

_____

4